FILED

July 28, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 11:05 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| JACQUET MCWHERTER, | ) | |
| Employee, | ) | Docket No. 2015-06-0093 |
| | ) | |
| v. | ) | |
| | ) | |
| CENTURION STONE PRODUCTS, | ) | State File No. 16559-2015 |
| Employer, | ) | |
| and | ) | |
| | ) | |
| AMERISURE, | ) | Judge Joshua Davis Baker |
| Insurance Carrier. | ) | |
| | ) | |

## COMPENSATION HEARING ORDER GRANTING
## MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on July 24, 2017, upon the Motion for Summary Judgment filed by Centurion Stone Products under Rule 56 of the Tennessee Rules of Civil Procedure. The determinative legal issue is whether Centurion is entitled to summary judgment as a matter of law because Mr. McWherter did not suffer an injury in the course and scope of his employment. Mr. McWherter did not file a response to Centurion's Motion and did not attend the hearing. The Court grants the Motion for Summary Judgment.

### History of Claim

Mr. McWherter alleged a tow motor ran over his right foot while working at Centurion. Centurion initially provided medical treatment but later denied the claim. Mr. McWherther then requested an expedited hearing seeking medical treatment and temporary disability benefits. Following an evidentiary hearing, this Court denied Mr. McWherter's request for temporary disability and medical benefits upon finding his testimony lacked credibility:

Here, Mr. McWherter was hesitant, evasive, defensive, and argumentative. He interrupted both defense counsel and witnesses and continually mumbled his responses in cross examination, directing defense counsel to "move on" when he did not want to answer. Other times, his recalcitrant demeanor and unresponsiveness motivated defense counsel to move on voluntarily. Many of Mr. McWherter's answers were unreasonable, such as claiming to see a tire track on his foot and forgetting facts inconvenient to his claim.

Mr. McWherter appealed the denial and the Appeals Board upheld this Court's decision. Thereafter, Centurion moved for summary judgment citing the following material facts:[1]

1. Mr. McWherter alleged a tow motor weighing between seven and eight thousand pounds ran over his right foot while he worked at Centurion on March 25, 2015.
2. Mr. McWherter received treatment from Concentra, which he chose from a panel.
3. Concentra's examination revealed some pain and mild swelling but no other apparent injury; x-rays were normal.
4. Despite allegedly having been run over by a tow motor, Mr. McWherter slept in the exam room and lobby. The medical provider determined he needed no further testing and no additional treatment.
5. The attending physician diagnosed a minor injury but offered no treatment other than ibuprofen and a cold pack.
6. After this initial visit with Centurion, providers placed him at maximum medical improvement, assigned no impairment and recommended no further care for his alleged work place injury.
7. (Omitted.)
8. Mr. McWherter returned to work for four weeks after March 25, 2015, and exhibited no signs of injury while doing his job. Centurion terminated Mr. McWherter.
9. After his termination, Mr. McWherter returned to Centurion on two occasions requesting that he be allowed to return to work.
10. Mr. McWherter had a foot x-ray on May 11, 2015. The results were normal.

In its motion, Centurion argued Mr. McWherter cannot prove that he suffered an injury arising primarily out of and in the course and scope of his employment at a compensation hearing.

## Legal Principles and Analysis

Motions for summary judgment are governed by Tennessee Rule of Civil Procedure 56.04, which provides for entry of summary judgment when "the pleadings,

---

[1] For brevity, the Court summarized the statements and omitted several not pertinent to its ruling on this motion.

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Further, the Tennessee General Assembly codified the burden of proof in summary judgment motions as follows:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (2016); *Payne v. D and D Elec.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *7-8 (May 4, 2016).

If the moving party meets its burden of negating an essential element or demonstrating evidence is insufficient, then the injured employee, as the nonmoving party, must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [his or her] favor[.]" *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). Thus, if Centurion meets its burden of proof, Mr. McWherter must do more than simply show some "metaphysical doubt" as to the material facts. In other words, the Court must focus on any evidence Mr. McWherter presents at the summary judgment stage, "not on hypothetical evidence that theoretically could be adduced [by him] . . . at a future trial." *Id.* The Court holds that Centurion met its burden of proving Mr. McWherter cannot establish an essential element of his case—the occurrence of an injury arising primarily out of and in the course and scope of his employment. The Court further holds that Mr. McWherter failed to present evidence sufficient to support rebut this holding.

Under the Workers' Compensation Law, an "injury" means "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement, or the need for medical treatment of the employee[.]" To constitute a viable claim for workers' compensation benefits the injury must be "by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment." Further, "[a]n injury arises primarily out of and in the course and scope of employment only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]"

3

*See* Tenn. Code Ann. § 50-6-102(14) (2016). The material facts cited by Centurion show that Mr. McWherter did not suffer a workplace injury.

In its statement of material facts, Centurion noted that Mr. McWherter claimed that a tow motor, a machine weighing between seven and eight thousand pounds, ran over his foot. Despite this extremely heavy machine having run over his foot, Mr. McWherter showed no signs of distress while being transported for medical attention at Concentra and even fell asleep in the waiting room. When Concentra providers examined Mr. McWherter, they found no signs of physical injury other than mild swelling of the right forefoot. All x-rays were normal, and the medical staff determined Mr. McWherter needed no further treatment. As the Court stated in its expedited hearing order denying benefits, "the Court finds it difficult to believe that a machine estimated to weigh more than seven thousand pounds caused only mild swelling upon running over Mr. McWherter's foot." Based on these material facts, which are undisputed, the Court finds that Centurion carried its burden of negating an essential element of Mr. McWherter's claim. In this Court's opinion, the facts show that Mr. McWherter did not suffer an injury arising primarily out of and in the course and scope of employment. In order to avoid summary judgment, Mr. McWherter now must provide some evidence to rebut this finding.

Mr. McWherter, however, failed to respond to Centurion's motion. In fact, the only evidence the Court has seen tending to prove that Mr. McWherter suffered an injury came from his own testimony at the expedited hearing. For completeness, the Court refers to its original order cited above for its impression of Mr. McWherter's testimony. Accordingly, the Court did not place any weight on his testimony from the expedited hearing and declines to give that testimony any weight in this motion hearing.

Centurion complied with Rule 56's requirements. It also complied with this Court's rule by providing a copy of Rule 56 to Mr. McWherter. He failed to respond and failed to provide any evidence that he suffered an injury that arose primarily out of and in the course and scope of his employment. As noted in *Rye*, "[t]he focus is on the evidence the nonmoving party comes forward with *at the summary judgment stage*, not on hypothetical evidence that theoretically could be adduced…at a future trial." *Id.* at 265 (emphasis added). Therefore, the Court holds Mr. McWherter failed to "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [his] favor." *Id.* Accordingly, the Court grants Centurion's Motion.

**IT IS, THEREFORE, ORDERED** as follows:

1. Centurion's Motion for Summary Judgment is granted.

2. Mr. McWherter's claim is dismissed with prejudice.

4

3.  The Court assesses the $150 filing fee to Centurion pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2017), for which execution may issue as necessary.

4.  Absent an appeal of this order by either party, the order shall become final thirty days after its issuance.

**ENTERED ON THIS THE 28TH DAY OF JULY, 2017.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Order was sent to the following recipients by the following methods of service on this the 28th day of July, 2017.

| Name | Certified Mail | Via Fax | Via Email | Addresses |
|---|---|---|---|---|
| **Jacquet McWherter** | | | X | 215 Tanglewood Ct. Nashville, TN 37211 Fredjones182@gmail.com |
| **Stephen Morton, Attorney for Employer** | | | X | Stephen.morton@mgclaw.com |

_____
**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**